UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HABIB BILAL,

      Petitioner,

v.

ANGELA DUNBAR, et al.,

      Respondents.

_____/

Case No. 1:26-cv-2089

Honorable Hala Y. Jarbou

## **OPINION**

Petitioner Habib Bilal, a United States Immigration and Customs Enforcement (ICE) detainee who was detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court will deny that petition and dismiss the case.

### **Discussion**

### I.    **Procedural History**

Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release him. (Pet., ECF No. 1, PageID.15–16.)

In an order entered on July 20, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on July 24, 2026 (ECF No. 4), and Petitioner filed his reply on July 24, 2026 (ECF No. 5).

## II.    Factual Background

Petitioner is a "native and citizen of Mauritania." (Parker Decl. ¶ 4, ECF No. 4-1; Pet. ¶ 2.) According to a declaration signed by an ICE deportation officer, Petitioner entered the United States without inspection in March 2024.  (Parker Decl. ¶ 4.)  At that time, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, Notice to Appear, placing him into removal proceedings. (*Id.*) DHS then released Petitioner into the United States. (*Id.*)

In September 2025, Ohio police arrested Petitioner for felonious assault. (*Id.* ¶ 8.)  The Ohio office of Enforcement and Removal Operations (ERO), a division of ICE, put an immigration detainer on him.  After Petitioner's release from jail, ERO arrested him and detained him during his removal proceedings in Ohio.  (*Id.* ¶ 9.)  On December 15, 2025, an immigration judge denied Petitioner's requests for relief and ordered him removed to Mauritania.  (*Id.* ¶ 10.) Petitioner did not file a timely appeal, so the order of removal became final on January 15, 2026.  (*Id.*)

Petitioner was transferred to the North Lake Detention Facility in Baldwin, Michigan, on December 22, 2025.  (*Id.* ¶ 12.)  On March 5, 2026, ERO submitted a request to ICE headquarters for travel documents to Mauritania.  (*Id.* ¶ 14.)  On June 8, 2026, ICE headquarters confirmed with ERO that the travel document request was pending with the Mauritania Ministry for Examination. (*Id.* ¶ 18.)  On June 10, 2026, the Consulate of Mauritania issued a travel document for Petitioner, which is valid through December 6, 2026.  (*Id.* ¶ 19.)  ERO then requested that he be scheduled for removal via a commercial flight to Mauritania.  (*Id.* ¶ 20.)  Petitioner filed this action on July 15, 2026.  On July 19, 2026, ICE transferred Petitioner to the Corrections Center of Northwest Ohio "as part of the removal process."  (*Id.* ¶ 25.)  In her declaration signed on July 23, 2026, Officer Parker asserts that Petitioner "is scheduled for a removal flight to Mauritania within the next seven days."  (*Id.*)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits

The parties agree that, because Petitioner has a final order of removal, his present detention is governed by 8 U.S.C. § 1231. (*See* Resp. to Pet. 3, ECF No. 4; Pet. ¶ 41.) However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment because he has been detained for longer than six months and his removal is not reasonably foreseeable.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). As indicated, Petitioner's order of removal became final on January 15, 2026, which means the 90-day period expired in April 2026.

In *Zadvydas*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *Zadvydas*, 533 U.S. at 701. After that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must

respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained for a little longer than six months after his removal order became final, but apart from that passage of time, he has not provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. And even assuming he has met his burden, the Government has responded with sufficient evidence to rebut Petitioner's showing. As indicated above, Perker's declaration indicates that the Government has obtained travel documents for Petitioner and intends to remove him to Mauritania within a week of July 23, 2026.

Petitioner responds that this evidence is insufficient because the Government has not provided a copy of the travel document, plane ticket, travel manifest, or any other basis for Parker's seven-day estimate. But Petitioner provides no authority requiring the Government to provide such detailed documentary evidence in order to meet its burden. And even if the seven-day estimate is inaccurate, it is clear that the Government is taking concrete steps to remove Petitioner, which undercuts Petitioner's claim that his removal is not reasonably foreseeable. Thus, he has not shown that he is entitled to relief under § 2241.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Dated: July 29, 2026                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE